```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK              Civ Case #:
--------------------------------------X
SYNDIE REMY and REGINALD CHARLES

                Plaintiffs


         -against-                        COMPLAINT


THE CITY OF NEW YORK, SGT FRANEL
PO PHILIP TANTILLO, PO SCHRIBER,          JURY TRIAL DEMANDED
AND JOHN/JANE DOE OFFICERS OF THE
73RD PCT NAMES FICTITIOUS, TRUE
NAMES UNKNOWN INTENDING TO BE
OFFICERS OF THE 73RD PCT ON THE
DATE AND TIME ALLEGED

                Defendants.
------------------------------------X
```

S I R S:

Plaintiffs, by their attorney, MICHAEL B. PALILLO, ESQ., complaining of the Defendants herein, alleges upon information and belief, as follows:

### NATURE OF THE CLAIM

1. That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiffs under the Constitution and Laws of the United States of America and under the guise of New York Law.

2. The Plaintiff's base this action upon their illegal seizure by various members of the New York City Police Department on the 23rd day of January 2020. This Court is authorized to grant the Plaintiffs the relief under 42 U.S.C.

1983 and 1988.

## JURISDICTION

3. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. 1331 and 28 U.S.C.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1391 (b) as all of the events and omissions giving rise to Plaintiff's claims occurred in Kings County in the Eastern District of New York, the actual place of employment of all the individual police officers and the Plaintiffs reside in Kings County which is in the Eastern District of New York.

## THE PARTIES

5. That at all times herein mentioned the Plaintiffs reside at 630 Ocean Avenue Apt. 12 B, County of Kings, State of New York hereinafter known as their "HOME."

6. The Plaintiff's have resided in their "HOME" with their two infant children for in excess of two years prior to January 23, 2020 pursuant to a written lease.

7. That at all times mentioned herein, THE CITY OF NEW YORK, hereinafter after referred to as the "CITY" was and continues to be a municipal corporation existing and organized

by virtue of the Laws of the State of New York.

8. At all times mentioned herein, THE NEW YORK CITY POLICE DEPARTMENT (hereinafter known as the "NYPD") was and still are a Department and/or agency of the "CITY" and operates under its supervision, management and control.

9. That at all dates and times hereinafter mentioned Defendant "CITY" by it's agents, servants and/or employees, operated, maintained and controlled the "NYPD" and employed and controlled all of it's "NYPD" police officers.

10. That at all dates and times hereinafter mentioned Defendants SGT. FRANEL, P.O. PHILIP TANTILLO, P.O. SCHRIBER, "JOHN DOES" and "JANE DOES" were employed by the Defendant "CITY" and were assigned to the 73rd Pct. Brooklyn, New York.

11. That at all dates and times hereinafter mentioned the Defendants SGT. FRANEL, P.O. PHILIP TANTILLO, and P.O. SCHRIBER acted within the scope of their employment for the Defendant "CITY."

12. That at all dates and times hereinafter mentioned, Defendants, "JOHN DOES" and "JANE DOES" names fictitious, true names unknown but intended to be NYPD Officers at the time and place of this occurrence who were employees of the "CITY" assigned to the 73rd pct.

13. That at all dates and times hereinafter mentioned the Defendants "JOHN DOE/JANE DOE" acted within the scope of his/her employment for the Defendant "CITY."

14. That a Notice of Claim on behalf of SYNDIE REMY was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 21th day of February 2020 which were within ninety (90) days of the cause of action accruing herein.

15. That a Notice of Claim on behalf of REGINALD CHARLES was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 21th day of February 2020 which was within ninety (90) days of the cause of action accruing herein.

16. That the "CITY" has demanded a hearing for SIDNEY REMY pursuant to §50-H of the General Municipal Law, and a hearing was held on August 27, 2020.

17. That the "CITY" has demanded a hearing for REGINALD CHARLES, pursuant to §50-H of the General Municipal Law, and a hearing was held on August 4, 2020.

18. The claim of SIDNEY REMY has been presented for adjustment/payment and no adjustment or payment has been held.

19. The claim of REGINALD CHARLES has been presented for adjustment/payment and no adjustment or payment has been

held.

20. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

## FACTUAL BACKGROUND

21. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

22. That on January 22, 2020, proof by affidavit having been presented by Police Officer Philip TANTILLO before the HON: A. Calabrese of the New York State Criminal Court Kings County.

23. Upon specific findings dictated by the Court on the a stenographic record, Judge A. Calabrese issued a warrant on January 22, 2020 authorizing the execution of a "NO KNOCK WARRANT" at Plaintiff's "HOME."

24. That the issuance of "NO KNOCK WARRANT" was based on the belief that certain firearms, ammunition, documents relating to the ownership and recent occupation by TIMOTHY BROWN were to be found inside Plaintiff's "HOME."

25. That on January 23, 2020 approximately 6:45 a.m. the Plaintiff, SYDNIE REMY and the Plaintiff "REGINALD CHARLES" were lawfully inside their "HOME."

26. That on the aforementioned date, time and place the Defendants, did break down the front door of Plaintiff's

"HOME" to execute the "NO KNOCK WARRANT."

27.  The Defendants seized the person of Plaintiff SYDNIE REMY subjected her to degrading, humiliating and intentional searches of her body without a warrant or color of law, detained and arrested her, all without her consent or probable cause and did commit certain acts on and against the Plaintiff SYDNIE REMY which includes but is not limited to:

> rush toward her;
> 
> aim loaded firearms at her;
> 
> commit assault;
> 
> commit battery;
> 
> push and throw her to the floor of her home;
> 
> subject her to unreasonable and excessive force;
> 
> subject her to an unreasonable search;
> 
> cause her robe to open, expose her nude body in front of her husband REGINALD CHARLES;
> 
> fail and refuse to cover her nude body with her robe;
> 
> restrain her against her will;
> 
> repeatedly touched her person without her consent;
> 
> threaten her;
> 
> interrogate her;
> 
> humiliate her;
> 
> yell at her;

6

>harass her;
>
>handcuff her;
>
>unlawfully imprison her;
>
>falsely arrest her;

28. The Defendants seized the person of Plaintiff REGINALD CHARLES subjected him to degrading, humiliating and intentional searches of his body without a warrant or color of law, detained and arrested him, all without his consent or probable cause and did commit certain acts on and against the Plaintiff REGINALD CHARLES which includes but is not limited to:

>rush toward him;
>
>aim loaded firearms at him;
>
>commit assault;
>
>commit battery;
>
>push and throw him to the floor of his home;
>
>strike him on his back;
>
>subject him to unreasonable and excessive force;
>
>subject him to an unreasonable search;
>
>witness his wife, in handcuffs, lying on the floor with her robe open, with her nude body exposed in front of the Defendants;
>
>fail and refuse to cover his wife's nude body with her robe;
>
>restrain him against her will;

7

>    repeatedly touched his person without her consent;
>
>    threaten him;
>
>    interrogate him;
>
>    humiliate him;
>
>    yell at him;
>
>    harass him;
>
>    handcuff him;
>
>    unlawfully imprison him;
>
>    falsely arrest him;

29. Upon information and belief he Plaintiffs were detained and handcuffed for approximately forty (45) minutes at which time the Defendants left.

## AS AND FOR A FIRST CAUSE OF ACTION

30. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

31. On January 22, 2020, the Plaintiffs were intentionally detained by the Defendants.

32. In detaining the Plaintiffs, the Defendants were acting under color of State of Law, within the purview of 41 U.S.C. 1983, and within the scope of their employment with the "NYPD."

33. The Plaintiffs did not resist their arrest, detention, imprisonment or confinement.

34. The Plaintiffs were aware of their detention, imprisonment, arrest and confinement.

35. The Plaintiffs did not consent to being detained, imprisoned, arrested and confined.

36. The Plaintiffs detention, imprisonment, arrest and confinement was not privileged and Plaintiff's were detained and arrested without probable cause that they committed any crime.

37. As a result of Plaintiff's illegal detention, the Defendants lacked or reasonable suspicion, probable cause, or any other valid legal reason to effectuate the arrest and detention of the Plaintiffs, this detention and arrest and the actions of the Defendants amounted to an unlawful imprisonment, detainment, and arrest.

38. As a result of the foregoing the Plaintiffs Fourth and Fourteenth Amendment and rights under the Statutes and Laws of the State of New York were violated,  which is invoked under the jurisdiction of this Court.

39. As a proximate result of Defendants intentional and malicious actions, the Plaintiffs were greatly humiliated, suffered injuries to their reputation, caused them to lose

income, and other special damages, and have suffered great mental anguish causing damages in an amount to be determined at trial, and punitive damages and attorney's fees.

40. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

### AS AND FOR A THIRD CAUSE OF ACTION

41. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

42. Upon information and belief that at the aforesaid dated, time and place, Plaintiffs were assaulted and had hands placed on them by the Defendants herein, without the consent of the Plaintiffs.

43. That Plaintiffs in no way instigated, caused or contributed to the complained of conduct.

44. That as a result of the assault the Plaintiffs, suffered, their health was impaired, they were caused to have hands placed on them by the Defendants, suffered great physical and mental distress and humiliation, their reputation and character were injured and they were embarrassed.

45. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

47. That the Defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves toward the Plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

48. That the Defendants recklessly conducted themselves toward the Plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

49. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

### AS AND FOR A FIFTH CAUSE OF ACTION

50. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

51. That at all dates and times hereinafter mentioned the Defendants were charged with the duty to perform their job functions in a reasonably safe manner.

52. That at all dates and times hereinafter mentioned the "CITY" instructed and educated their agents, servants and employees including how to perform their job functions.

53. That at all dates and times hereinafter mentioned the Defendants as aforesaid, did not perform their job duties in a reasonable same manner.

54. That at all dates and times hereinafter mentioned the Defendant "CITY" their agent's servants and/or employees, as set forth above, were negligent, careless and reckless in the performance of their job duties.

55. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**AS AND FOR A SIXTH CAUSE OF ACTION**

56. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

57. That the Defendants did not take any steps to prevent the assault, battery, detainment, search, seizure, unlawful/false arrest and unlawful imprisonment of the Plaintiffs.

58. The Defendants unreasonably seized the person of Plaintiffs, subjected them to degrading and humiliating searches of their body without a valid warrant, detained, falsely imprisoned and arrested them, all without their consent or probable cause.

59. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiffs but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon the Plaintiffs.

60. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

> a) On each cause of action for compensatory damages against all Defendants in a sum to be determined

        at trial but in no event less than
ONE MILLION DOLLARS ($1,000,000.00);

        b) For exemplary and punitive damages against all Defendants in an amount to be proven at trial'

        c) For attorneys fees pursuant to 43 U.S.C. 1988 against all Defendants; and

        d) Together with the costs and disbursements of this action, and for such other and further relief as to this Court deems just proper and equitable.

Dated: New York, New York
      December 14, 2020

                                  *Michael B. Palillo*
                                MICHAEL B. PALILLO (MP 0044)
                                MICHAEL B. PALILLO, P.C.
                                Attorney for Plaintiffs
                                277 Broadway, Suite 501
                                New York, NY 10007
                                (212)608-8959

MICHAEL B. PALILLO, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1. I am the attorney for the Plaintiff in the above captioned matter. I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to matters herein stated to be alleged upon information and belief, and as to those matters I believe to be true based on a review of the files maintained in this office and conversations had with the Plaintiff. The reason why this verification is made by the undersigned attorney rather than the Plaintiff, is that the Plaintiff does not reside in the County wherein I maintain my office for the practice of law.

Dated: New York, New York
December 14, 2020

*Michael B. Palillo*
Michael B. Palillo Esq.

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Civ Case #:

SYNDIE REMY and REGINALD CHARLES

                Plaintiffs


                -against-


THE CITY OF NEW YORK, SGT FRANEL
PO PHILIP TANTILLO, PO SCHRIBER,
AND JOHN/JANE DOE OFFICERS OF THE
73RD PCT NAMES FICTITIOUS, TRUE
NAMES UNKNOWN INTENDING TO BE
OFFICERS OF THE 73RD PCT ON THE
DATE AND TIME ALLEGED

                Defendants.
```
___

### SUMMONS AND COMPLAINT
___

Michael B. Palillo P.C.
Attorneys for
SYNDIE REMY and REGINALD CHARLES
Office and Post Office Address
277 Broadway Suite 501
New York New York 10007
(212) 608-8959
(212) 608-0304 Fax (Not for Service)
Palillolaw@AOL.COM
( Not for Service)


Signature (Rule 130-1.1-a)

*Michael B. Palillo*

_____
 Print name beneath
 Michael B. Palillo