```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK              Civ Case #:
-------------------------------------X    20cv6189(RDG)(JRC)
SYNDIE REMY and REGINALD CHARLES

                Plaintiffs

                                                AMENDED
            -against-                           COMPLAINT


THE CITY OF NEW YORK, SGT FRANEL
PO PHILIP TANTILLO, PO SCHRIBER,          JURY TRIAL DEMANDED
AND JOHN/JANE DOE OFFICERS OF THE
73RD PCT NAMES FICTITIOUS, TRUE
NAMES UNKNOWN INTENDING TO BE
OFFICERS OF THE 73RD PCT ON THE
DATE AND TIME ALLEGED

                Defendants.
-----------------------------------------X
S I R S:
```

Plaintiffs, by their attorney, MICHAEL B. PALILLO, ESQ., complaining of the Defendants herein, alleges upon information and belief, as follows:

**NATURE OF THE CLAIM**

1. That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiffs under the Constitution and Laws of the United States of America and under the guise of New York Law.

2. The Plaintiff's base this action upon their illegal seizure by various members of the New York City Police Department on the 23rd day of January 2020. This Court is authorized to grant the Plaintiffs the relief under 42 U.S.C.

1983 and 1988.

## JURISDICTION

3. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. 1331 and **28 U.S.C. 1391(b)**.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1391 (b) as all of the events and omissions giving rise to Plaintiff's claims occurred in Kings County in the Eastern District of New York, the actual place of employment of all the individual police officers and the Plaintiffs reside in Kings County which is in the Eastern District of New York.

## THE PARTIES

5. That at all times herein mentioned the Plaintiffs reside at 630 Ocean Avenue Apt. 12 B, County of Kings, State of New York hereinafter known as their "HOME."

6. The Plaintiff's have resided in their "HOME" with their two infant children for in excess of two years prior to January 23, 2020 pursuant to a written lease.

7. That at all times mentioned herein, THE CITY OF NEW YORK, hereinafter after referred to as the "CITY" was and continues to be a municipal corporation existing and organized

by virtue of the Laws of the State of New York.

8.  At all times mentioned herein, THE NEW YORK CITY POLICE DEPARTMENT (hereinafter known as the "NYPD") was and still are a Department and/or agency of the "CITY" and operates under its supervision, management and control.

9.  That at all dates and times hereinafter mentioned Defendant "CITY" by it's agents, servants and/or employees, operated, maintained and controlled the "NYPD" and employed and controlled all of it's "NYPD" police officers.

10.  That at all dates and times hereinafter mentioned Defendants SGT. FRANEL, P.O. PHILIP TANTILLO, P.O. SCHRIBER, "JOHN DOES" and "JANE DOES" were employed by the Defendant "CITY" and were assigned to the 73rd Pct. Brooklyn, New York.

11.  That at all dates and times hereinafter mentioned the Defendants SGT. FRANEL, P.O. PHILIP TANTILLO, and P.O. SCHRIBER acted within the scope of their employment for the Defendant "CITY."

12.  That at all dates and times hereinafter mentioned, Defendants, "JOHN DOES" and "JANE DOES" names fictitious, true names unknown but intended to be NYPD Officers at the time and place of this occurrence who were employees of the "CITY."

wq

13. That at all dates and times hereinafter mentioned the Defendants "JOHN DOE/JANE DOE" acted within the scope of his/her employment for the Defendant "CITY."

14. That a Notice of Claim on behalf of SYNDIE REMY was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 21th day of February 2020 which were within ninety (90) days of the cause of action accruing herein.

15. That a Notice of Claim on behalf of REGINALD CHARLES was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 21th day of February 2020 which was within ninety (90) days of the cause of action accruing herein.

16. That the "CITY" has demanded a hearing for SIDNEY REMY pursuant to §50-H of the General Municipal Law, and a hearing was held on August 27, 2020.

17. That the "CITY" has demanded a hearing for REGINALD CHARLES, pursuant to §50-H of the General Municipal Law, and a hearing was held on August 4, 2020.

18. The claim of SIDNEY REMY has been presented for adjustment/payment and no adjustment or payment has been held.

19. The claim of REGINALD CHARLES has been presented for adjustment/payment and no adjustment or payment has been held.

20. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

**FACTUAL BACKGROUND**

21. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

22. That prior to January 22, 2020, Field Intelligence Officer Philip Tantillo learned that a confidential informant observed an individual having guns and ammunition in the "HOME" where Plaintiffs resided, Apartment 12 B, 630 Ocean Avenue, Brooklyn, New York. Following an "investigation," a "Warrant Affidavit" was signed by P.O. Tantillo wherein P.O. Tantillo sworn under oath the Defendants had cause to believe that guns and ammunition was inside Plaintiff's "HOME" necessitating the issuance of a "No-Knock" warrant.

23. On January 22, 2020, Judge A. Calabrese issued this warrant based solely on the affidavit of P.O. Philip Tantillo. No warrant hearing was held. P.O. Tantillo never testified as the investigative steps he took to establish that

the subject of the warrant lived at the address where the "No Knock Warrant" was to be served. The confidential informant never testified as to his observations. Based on the New York State Court of Appeals decision in <u>Ferreira v City of Binghamton,</u> 38 NY3d 298, (2022) defendants' owed both Plaintiffs a special duty when executing the "No Knock" warrant based on the "No Knock" warrant.

  24. That the issuance of "NO KNOCK WARRANT" was based solely on P.O. Tantillo presenting facts which sought to establish that there was cause to believe that certain firearms and ammunition was stored, and any documents concerning the ownership and recent occupation of the location would be found inside Plaintiff's "HOME."

  25. That on January 23, 2020 approximately 6:45 a.m. the Plaintiff, SYDNIE REMY and the Plaintiff "REGINALD CHARLES" were lawfully inside their "HOME," with their two infant children.

  26. That on the aforementioned date, time and place the Defendants, did break down the front door of Plaintiff's "HOME" to execute the "NO KNOCK WARRANT."

  27. The Defendants subjected SYDNIE REMY to degrading, humiliating and intentional search(s) of her body without a warrant or color of law, detained and arrested her, all without

her consent or probable cause and did commit certain acts on and against the Plaintiff SYDNIE REMY which, upon information and belief, include but is not limited to:

    rushing toward her;

    aim loaded firearms at her;

    committing assault;

    committing battery;

    causing her to fall to the floor of her home;

    subjecting her to an unreasonable search;

    causing her robe to open, expose her nude body in front of her husband REGINALD CHARLES;

    failed and refused to cover her nude body with her robe;

    caused her to urinate on herself;

    restrained her against her will;

    touched her person without her consent;

    searched the entire apartment;

    threatened her;

    interrogated her;

    humiliated her;

    yelled at her;

    harassed her;

    handcuffed her;

    unlawfully imprisoned her;

        found no firearm, ammunition, etc. inside the "HOME);

        falsely arrest her;

28. The Defendants seized the person of Plaintiff REGINALD CHARLES subjected him to degrading, humiliating and intentional searches of his body without a warrant or color of law, detained and arrested him, all without his consent or probable cause and did commit certain acts on and against the Plaintiff REGINALD CHARLES which upon information and belief, include, but are not limited to:

        rushed toward him;

        aimed loaded firearms at him;

        committed assault;

        committed battery;

        pushed and threw him to the floor of his home;

        struck him on his back;

        subjected him to unreasonable and excessive force;

        subjected him to an unreasonable search;

        witnessed his wife, in handcuffs, lying on the floor with her robe open, with her nude body in her own urine, exposed in front of the Defendants;

        failed and refuse to cover his wife's nude body with her robe;

        restrained him against her will;

>repeatedly touched his person without her consent;
>
>threatened him;
>
>interrogated him;
>
>humiliated him;
>
>yelled at him;
>
>harassed him;
>
>handcuffed him;
>
>laughed at him while he was handcuffed;
>
>unlawfully imprisoned him;
>
>falsely arrested him;
>
>found no firearm, ammunition, etc. inside the "HOME";

29. Upon information and belief the Plaintiffs were detained and handcuffed for approximately forty (45) minutes at which time the Defendants left.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**

30. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length. Based on the New York State Court of Appeals decision in <u>Ferreira v City of Binghamton,</u> 38 NY3d 298, (2022) defendant' owed both Plaintiffs a special duty when executing the "No Knock" warrant based on the "No Knock" warrant.

9

31. On January 22, 2020, the Plaintiffs were intentionally detained by the Defendants.

32. In detaining the Plaintiffs, the Defendants were acting under color of State of Law, within the purview of 41 U.S.C. 1983, and within the scope of their employment with the "NYPD."

33. The Plaintiffs did not resist their arrest, detention, imprisonment or confinement.

34. The Plaintiffs were aware of their detention, imprisonment, arrest and confinement.

35. The Plaintiffs did not consent to being detained, imprisoned, arrested and confined.

36. Plaintiffs detention, imprisonment, arrest and confinement was not privileged and Plaintiff's were detained and arrested without probable cause that they committed any crime.

37. As a result of Plaintiff's illegal detention, the Defendants lacked or reasonable suspicion, probable cause, or any other valid legal reason to effectuate the arrest and detention of the Plaintiffs, this detention and arrest and the actions of the Defendants amounted to an unlawful imprisonment, detainment, and arrest.

38. As a result of the foregoing the Plaintiffs Fourth

and Fourteenth Amendment and rights under the Statutes and Laws of the State of New York were violated, which is invoked under the jurisdiction of this Court.

39. As a proximate result of Defendants intentional and malicious actions, the Plaintiffs were greatly humiliated, suffered injuries to their reputation, caused them to lose income, and other special damages, and have suffered great mental anguish causing damages in an amount to be determined at trial, and punitive damages and attorneys' fees.

40. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

### AS AND FOR A SECOND CAUSE OF ACTION

41. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

42. Upon information and belief that at the aforesaid date, time and place, Plaintiffs were assaulted and had hands placed on them by the Defendants herein, without the consent of the Plaintiffs. Based on the New York State Court of Appeals decision in <u>Ferreira v City of Binghamton,</u> 38 NY3d 298, (2022) defendant' owed both Plaintiffs a special duty when executing the "No Knock" warrant based on the "No Knock"

warrant.

43. That Plaintiffs in no way instigated, caused or contributed to the complained of conduct.

44. That as a result of the assault the Plaintiffs, suffered, their health was impaired, they were caused to have hands placed on them by the Defendants, suffered great physical and mental distress and humiliation, their reputation and character were injured and they were embarrassed.

45. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

## AS AND FOR A THIRD CAUSE OF ACTION

46. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

47. That the Defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves toward the Plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency. Based on the New York State Court of Appeals decision in Ferreira v City of Binghamton, 38 NY3d 298, (2022) defendant' owed both Plaintiffs a special duty when executing the "No Knock" warrant based on the "No Knock"

12

warrant.

48. That the Defendants recklessly conducted themselves toward the Plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

49. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

50. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

51. That at all dates and times hereinafter mentioned the Defendants were charged with the duty to perform their job functions in a reasonably safe manner. Based on the New York State Court of Appeals decision in <u>Ferreira v City of Binghamton,</u> 38 NY3d 298, (2022) defendant' owed both Plaintiffs a special duty when executing the "No Knock" warrant based on the "No Knock" warrant.

52. That at all dates and times hereinafter mentioned the "CITY" instructed and educated their agents, servants and employees including how to perform their job functions.

13

53. That at all dates and times hereinafter mentioned the Defendants as aforesaid, did not perform their job duties in a reasonable same manner.

54. That at all dates and times hereinafter mentioned the Defendant "CITY" their agent's servants and/or employees, as set forth above, were negligent, careless and reckless in the performance of their job duties.

55. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**AS AND FOR A FIFTH CAUSE OF ACTION**

56. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

57. That the Defendants did not take any steps to prevent the assault, battery, detainment, search, seizure, unlawful/false arrest and unlawful imprisonment of the Plaintiffs. Based on the New York State Court of Appeals decision in <u>Ferreira v City of Binghamton,</u> 38 NY3d 298, (2022) defendant' owed both Plaintiffs a special duty when executing the "No Knock" warrant based on the "No Knock" warrant.

58. The Defendants unreasonably seized the person of Plaintiffs, subjected them to degrading and humiliating searches

14

of their body without a valid warrant, detained, falsely imprisoned and arrested them, all without their consent or probable cause.

59. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiffs but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon the Plaintiffs.

60. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

>   a) On each cause of action for compensatory damages against all Defendants in a sum to be determined at trial but in no event less than ONE MILLION DOLLARS ($1,000,000.00);
>
>   b) For exemplary and punitive damages against all Defendants in an amount to be proven at trial'
>
>   c) For attorneys fees pursuant to 43 U.S.C. 1988 against all Defendants; and

        d) Together with the costs and disbursements of this action, and for such other and further relief as to this Court deems just proper and equitable.

Dated: New York, New York
      November 2, 2023

                              /s/
                              _____
                              MICHAEL B. PALILLO (MP 0044)
                              MICHAEL B. PALILLO, P.C.
                              Attorney for Plaintiffs
                              277 Broadway, Suite 501
                              New York, NY 10007
                              (212)608-8959

New York City Law Department
100 Church Street, Room 3-189
New York, NY 10007
<u>Attn: Evan Gottstein, ACC</u>

       MICHAEL B. PALILLO, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

       1.  I am the attorney for the Plaintiff in the above captioned matter. I have read the foregoing AMENDED COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to matters herein stated to be alleged upon information and belief, and as to those matters I believe to be true based on a review of the files maintained in this office and conversations had with the Plaintiff. The reason why this verification is made by the undersigned attorney rather than the Plaintiff, is that the Plaintiff does not reside in the County wherein I maintain my office for the practice of law.

Dated: New York, New York
       November 1, 2023

                                          /s/
                                      _____
                                      Michael B. Palillo Esq.

```
UNITED STATES DISTRICT COURT      Civ Case #: 20cv6189(RDG)(JRC)
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
SYNDIE REMY and REGINALD CHARLES

                  Plaintiffs


           -against-                        COMPLAINT


THE CITY OF NEW YORK, SGT FRANEL
PO PHILIP TANTILLO, PO SCHRIBER,            JURY TRIAL DEMANDED
AND JOHN/JANE DOE OFFICERS OF THE
73RD PCT NAMES FICTITIOUS, TRUE
NAMES UNKNOWN INTENDING TO BE
OFFICERS OF THE 73RD PCT ON THE
DATE AND TIME ALLEGED


                  Defendants.

----------------------------------------X
```
_____

                        AMENDED COMPLAINT
_____

```
              Michael B. Palillo P.C.
                 Attorneys for
         SYNDIE REMY and REGINALD CHARLES
          Office and Post Office Address
             277 Broadway Suite 501
             New York N.Y. 10007
                (212) 608-8959
                (212) 608-0304 Fax (Not for Service)
             mpalillo@palillolaw.com
                (Not for Service)
```

Signature (Rule 130-1.1-a)

# Michael B. Palillo

Print name beneath
Michael B. Palillo

18